UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ERIC FLORES,<br>    Plaintiff,<br><br>-v-<br><br>ATTORNEY GENERAL OF THE UNITED STATES and THE FEDERAL BUREAU OF INVESTIGATION,<br>    Defendant. | No. 1:14-cv-99<br><br>HONORABLE PAUL L. MALONEY |

## ORDER TRANSFERRING ACTION TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS

Plaintiff Eric Flores, pro se, filed this lawsuit in the United States District Court for the Western District of Michigan. Flores applied for and was granted in forma pauperis status. *See* 28 U.S.C. § 1915(a)(1).

Upon initial review of the complaint, *see* 28 U.S.C. § 1915(e)(2), the Court concludes that none of the events giving rise to the lawsuit occurred in Michigan. The sixty-one page complaint alleges claims against various unnamed federal agents. Flores alleges that, while he was a pretrial detainee at the El Paso County, he suffered certain indignities at the hands of an employees of the federal government, including interference with his legal mail and retaliation for filing a civil lawsuit against the El Paso Sheriff's Department. Flores also alleges the employees of the federal government have been using satellites that can detect individual genetic codes to cause him and others pain and suffering, and even death. Flores believes the same satellites have been used to interfere with the marriages of some of his relatives, by causing them to have sexual relations outside the marriage, sometimes against the individual's will. To be clear, the Court has not determined whether any claim in the complaint should be dismissed under 28 U.S.C. § 1915(e)(2).

The Court has only determined that the events mentioned in the complaint allegedly occurred in and around El Paso.

Under 28 U.S.C. § 1404(a), when convenient for the witnesses and parties, a district court may transfer any civil action to the district where it might have been brought. Venue is proper in the judicial district where a substantial part of the events giving rise to the claim occurred. 28 U.S.C. § 1391(b)(2). All of the relevant events identified in the complaint occurred in El Paso. All of the potential witnesses to the events likely reside in El Paso, or the surrounding states. Other than the fact that the federal government does business in the Western District of Michigan, the lawsuit alleges no facts connecting the claims to Michigan. The decision to transfer a civil action may be raised sua sponte. *See Carver v. Knox Cnty., Tennessee*, 887 F.2d 1297, 1291 (6th Cir. 1989). For the convenience of the witnesses and parties, the action is **TRANSFERRED** to the United States District Court for the Western District of Texas. **IT IS SO ORDERED.**

Date:  January 31, 2014              /s/ Paul L. Maloney
                                      Paul L. Maloney
                                      Chief United States District Judge